FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/1/2023 6:16 PM
JAMIE SMITH
DISTRICT CLERK
E-211162

CAUSE NO. _____

| | | |
|---|---|---|
| MIGUEL CEJA | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| GULF COPPER & MANUFACTURING | § | |
| CORPORATION | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

MIGUEL CEJA (hereafter "Plaintiff" or "Ceja") files this Original Petition (hereafter "Petition") complaining of GULF COPPER & MANUFACTURING CORPORATION (hereafter, "Defendant" or "GULF COPPER & MANUFACTURING CORPORATION"), and would show the Court as follows:

### I. DISCOVERY CONTROL PLAN LEVEL

Plaintiff alleges that discovery in this lawsuit is intended to be conducted under level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II. CLAIM FOR RELIEF

Plaintiff seeks monetary relief of $250,000 or and non-monetary relief.

### III. PARTIES AND SERVICE

Plaintiff, Miguel Ceja is an individual who resides in Port Arthur, Jefferson County, Texas. The last three digits of Miguel Ceja's Texas Driver's license are 746. The last three digits of Miguel Ceja's Social Security number are 451.

Defendant, GULF COPPER & MANUFACTURING CORPORATION, is a Domestic For-Profit Corporation which may be served by serving its registered agent for service of process: Jennifer E. Kelley at 2920 Todd Road, Galveston, Texas 77554.

## IV. PLAINTIFF'S STATUS AS DEFENDANT'S EMPLOYEE

The defendant hired the plaintiff 25 years ago, as a welder/fitter. At all times relevant, the plaintiff was employed by the defendant. The plaintiff is and at all times relevant was qualified for his position. Throughout his employment by the defendant, the Plaintiff distinguished himself by his hard work, competency, and commitment to his job.

## VI. PLAINTIFF'S JOB-RELATED INJURY AND WORKERS' COMPENSATION CLAIM

On November 2, 2017, the plaintiff suffered an injury as a result of and in the course and scope of his employment with the defendant as follows: severely injured hand and wrist that had. Plaintiff was giving slack to the rope that had been giving to a barge to be dropped when the rope popped suddenly striking and hitting Miguel's right hand and wrist. Plaintiff used his left uninjured left wrist and hand; he continued work that shift and completed it. As a result of this injury, the plaintiff initiated a claim for benefits with the U.S. Department of Labor, as follows: Plaintiff filed a Workers' Compensation Claim, OWCP File Number 08-313076. Defendant denied the claim, with the Notice of Controversion of Right to Compensation, which led to Plaintiff filing suit against Defendant for workers' compensation benefits.

On or about February 19, 2018, the plaintiff was reinjured and had to receive surgery on his hand. At this time, the Plaintiff was paid significant workers' compensation medical and wage benefits. The safety man for the company accompanied the Plaintiff to all his medical appointments during this time and the Plaintiff was closely monitored.

Two and a half months before being terminated, Plaintiff told his employer he reinjured his hand on the job and was having issues. Plaintiff let defendant know he would have to have surgery and receive more treatment. About two and a half weeks prior to his termination the incident happened where the company said that he stepped on a coworker's foot. This put the

injury back on the employer's radar. Plaintiff's employer, before termination, had begun to question about whether Mr. Ceja was injured again and to talk to him about this injury right before they initiated a pretextual reason for termination where they claimed Mr. Ceja was fired for stepping on someone's foot. Plaintiff was able to learn that the termination had nothing to do with the pretextual incident involving stepping on someone's foot, but was instead motivated by the fact that the Plaintiff had injured himself on the job and that the company had improperly obtained information related to the injury and made a determination to terminate Plaintiff in retaliation for his reporting the reinjury on the job.

This explanation was a pretext for the defendant's intentional discrimination against the plaintiff because of his exercise of rights under the Workers' Compensation Act. Among other things, the stated reason is false because the Defendant alleged that a coworker reported Plaintiff for stepping on his foot. The stated reason was a pretext for discrimination because Plaintiff was told by the alleged victim that he never reported him and that he was told to say something against Ceja.

### VII. DEFENDANT DISCHARGED PLAINTIFF FOR FILING A WORKERS' COMPENSATION CLAIM IN VIOLATION OF TEXAS LABOR CODE SECTION 451.001

On May 4, 2022, the defendant terminated the plaintiff's employment. The defendant discharged the plaintiff because he had filed a workers' compensation claim on or about April 4, 2018 and reported reinjury on the job and the termination was in violation of Texas Labor Code Section 451.001. Plaintiff was let go because he stepped on a coworker's foot. In actuality Plaintiff actually terminated because he was hurt on the job and made a workers' compensation claim. Defendant fired Ceja, because they suspected that he was going to file another workers' compensation claim because of his second injury. Plaintiff's termination of employment was the

3

result of plaintiff's filing of workers' compensation claim or other activity protected by Tex. Lab. Code § 451.001.

### VIII. Damages

As a result of the defendant's unlawful conduct, the plaintiff has suffered and will continue to suffer damage in the form of lost back wages, lost future wages (i.e., front pay), compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### IX. EXEMPLARY DAMAGES

The defendant's actions were malicious and motivated by ill will, spite, and evil motive, and were taken for the purpose of injuring the plaintiff. An award of exemplary damages against the defendant is appropriate to deter future similar misconduct.

Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 21.2585 of the Texas Labor Code.

Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a.    Actual damages as a result of discharge to be determined by a trier of fact;

    b.    All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just as provided by the Texas Labor Code section 21.259. All conditions precedent have been performed or have occurred;

  c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by the Texas Labor Code section 21.258;

  d. All reasonable and necessary costs incurred in pursuit of this suit;

  e. Emotional pain;

  f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

  g. Inconvenience;

  h. Pre and Post judgment interest;

  i. Loss of enjoyment of life;

  j. Mental anguish in the past;

  k. Mental anguish in the future;

  l. Loss of earnings in the past;

  m. Loss of earning capacity which will, in all probability, be incurred in the future; and

  n. Loss of benefits.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Miguel Ceja, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Section 21.2585 of the Texas Labor Code, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE MONK LAW FIRM
4875 Parker Drive
Beaumont, Texas 77705
Phone: (409) 724-6665
Fax: (409) 729-6665

By:   /s/ *Brandon P. Monk*
      BRANDON P. MONK
      State Bar No. 24048668

ATTORNEY FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ednesha Cook on behalf of Brandon Monk
Bar No. 24048668
ecook@themonklawfirm.com
Envelope ID: 72359851
Status as of 2/2/2023 8:24 AM CST

Associated Case Party: Miguel Ceja

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ednesha Cook | | ecook@themonklawfirm.com | 2/1/2023 6:16:00 PM | SENT |
| Melissa LeJeune | | mlejeune@themonklawfirm.com | 2/1/2023 6:16:00 PM | SENT |
| Brandon P. Monk | | brandon@themonklawfirm.com | 2/1/2023 6:16:00 PM | SENT |