# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| MIGUEL CEJA | § § § | CAUSE NO. 1:23-cv-00111-MJT |
| VS. | § § § | |
| GULF COPPER & MANUFACTURING CORPORATION | § § § § § § | HON. MICHAEL J. TRUNCALE |

## DEFENDANT GULF COPPER & MANUFACTURING CORPORATION'S RULE 12(B)(1) MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

Defendant Gulf Copper & Manufacturing Corporation ("Gulf Copper") moves to dismiss Plaintiff Miguel Ceja's Original Petition[1] pursuant to Fed. R. Civ. P. 12(b)(1) with prejudice and without leave to amend. In support of such, Gulf Copper respectfully states as follows:

---

[1] ECF Doc. 2.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

I.     NATURE AND STAGE OF PROCEEDINGS ................................................................... 1

II.    STATEMENT OF THE ISSUES.......................................................................................... 1

III.   SUMMARY OF ARGUMENT ............................................................................................ 1

IV.    EVIDENCE SUBMITTED IN SUPPORT OF MOTION .................................................... 2

V.     STATEMENT OF MATERIAL FACTS ............................................................................. 3

       A.     Plaintiff's 2018 lawsuit. ............................................................................................ 3

       B.     Plaintiff's second bite at the apple. .......................................................................... 4

VI.    STANDARD OF REVIEW .................................................................................................. 5

VII.   ARGUMENT AND AUTHORITIES................................................................................... 5

       A.     Plaintiff's wrongful termination claim pursuant to Tex. Lab. Code
              § 451.001 is preempted by the LHWCA ................................................................. 5

       B.     This Honorable Court lacks subject matter jurisdiction because the
              LHWCA provides Plaintiff his exclusive remedy. .................................................. 6

VIII.  CONCLUSION AND PRAYER .......................................................................................... 8

**MEMORANDUM IN SUPPORT FOR GULF COPPER & MANUFACTURING CORPORATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)**

Gulf Copper files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and shows as follows.

## I. NATURE AND STAGE OF PROCEEDINGS

1. Plaintiff Miguel Ceja ("Plaintiff") filed this wrongful termination lawsuit with the 172nd Judicial District Court of Jefferson County, Texas. On March 16, 2023, Gulf Copper timely removed Plaintiff's lawsuit on federal question jurisdiction grounds because Plaintiff's Original Petition, the evidence submitted by Gulf Copper, and controlling Fifth Circuit precedent demonstrate that the Longshoreman Harbor Workers Compensation Act ("LHWCA"), particularly 33 U.S.C. § 948a, preempts Plaintiff's wrongful termination cause of action made pursuant to Tex. Lab. Code § 451.001.[2] Gulf Copper now moves to dismiss Plaintiff's wrongful termination claim because jurisdiction lies with the U.S. Department of Labor and Plaintiff has failed to exhaust the applicable administrative remedies prior to seeking damages in court.

## II. STATEMENT OF THE ISSUES

**Issue 1**: Whether Plaintiff's claims are under the exclusive jurisdiction of the Department of Labor's Office of Workers' Compensation Programs and, therefore, the lawsuit should be dismissed for lack of subject matter jurisdiction.

## III. SUMMARY OF ARGUMENT

2. Plaintiff claims he injured his hand and wrist in 2017 while employed by Gulf Copper.[3] In 2018, Plaintiff filed suit against Gulf Copper for those injuries.[4] That lawsuit was

---

[2] *See generally* ECF Doc. 1.
[3] ECF Doc. 2., p. 2.
[4] *See* Cause No. 1:18-cv-00119-MJT, *Miguel and Emilia Ceja v. Gulf Copper & Manufacturing Corporation, et al.*, pending before the U.S. District Court for the Eastern District of Texas.

pending before this Honorable Court.[5] At around the same time, Plaintiff "initiated a claim for benefits with the U.S. Department of Labor" pursuant to the LHWCA under "OWCP File Number 08-313076."[6] Plaintiff later received LHWCA benefits, including payment of a settlement amount for his injuries.

3.      Plaintiff claims that he reinjured his hand and wrist in February 2018. Thereafter, Plaintiff claims that he advised his employer of his reinjury and was subsequently fired under the alleged pretense that he stepped on an another employee's foot. Having previously obtained benefits as a longshore worker under the LHWCA, Plaintiff now seeks recovery for alleged wrongful termination of employment purportedly due to filing a "workers' compensation claim or other activity protected by Tex. Lab. Code § 451.001."[7] As noted below, however, Plaintiff's cause of action is preempted by the LHWCA and the Department of Labor Office of Workers' Compensation Programs has exclusive jurisdiction over his claims. Dismissal is proper because Plaintiff has failed to exhaust the applicable administrative remedies prior to seeking damages in court.

### IV.    EVIDENCE SUBMITTED IN SUPPORT OF MOTION

4.      A defendant moving to dismiss based on the Court's lack of subject matter jurisdiction can submit evidence in support of its claims.[8] Accordingly, Gulf Copper relies on the following evidence in support of its Motion:

- **Exhibit A:** Plaintiff's Original Petition;
- **Exhibit B:** Plaintiff's Notice of LHWCA claim;
- **Exhibit C:** Application for Approval of LHWCA Settlement;

---

[5] *Id*. Plaintiff's prior lawsuit was assigned to the Hon. Judge Truncale on May 29, 2019. *Id*. at ECF Doc. 18. Prior to that the, case was pending before the Hon. Judge Crone.
[6] ECF Doc. 2., p. 2.
[7] *Id*. at p. 4.
[8] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 - 512 (5th Cir.).

- **Exhibit D:** Department of Labor Compensation Order Approving Settlement;

- **Exhibit E:** Plaintiffs' Original Complaint in *Miguel and Emilia Ceja v. Gulf Copper & Manufacturing Corporation*, Cause No. 1:18-cv-00119-MJT (ECF Doc. 1) (filed 3/16/18) (case terminated 02/19/2020);

- **Exhibit F:** Gulf Copper's Rule 12(b) Motion to Dismiss and Memorandum in Support filed in Cause No. 1:18-cv-00018-MJT (ECF Doc. 6) (filed 6/20/18); and

- **Exhibit G**: Order of Partial Dismissal entered in Cause No. 1:18-cv-00018-MJT (ECF Doc. 14).

## V.     STATEMENT OF MATERIAL FACTS

### A.     *Plaintiff's 2018 lawsuit.*

5.     This lawsuit stems from injuries Plaintiff allegedly sustained on or around November 2, 2017, while Plaintiff was working for Gulf Copper. Specifically, Plaintiff claims that he injured his right hand and wrist while "giving slack" to a rope tied to a barge.[9] Thereafter, on March 16, 2018, Plaintiff and his wife filed a lawsuit against Gulf Copper and Genesis Marine, LLC due to Plaintiff's alleged injuries (the "2018 Lawsuit").[10] The 2018 Lawsuit was pending before this Honorable Court under cause number 1:18-cv-00119-MJT.[11] Approximately one month after filing the 2018 Lawsuit, on April 19, 2018, Gulf Copper received notice that Plaintiff filed a claim for LHWCA benefits.[12] Ultimately, Gulf Copper and/or its underwriter paid federal workers' compensation benefits to Plaintiff pursuant to the terms of the LHWCA.[13]

6.     On June 20, 2018, Gulf Copper moved to dismiss the 2018 Lawsuit by filing a "Rule 12(b) Motion to Dismiss and Memorandum in Support" seeking dismissal on grounds that

---

[9] Exhibit A, p. 2.;
[10] Exhibit E.
[11] Plaintiff's 2018 Lawsuit was titled *Miguel and Emilia Ceja v. Gulf Copper & Manufacturing Corporation*, Cause No. 1:18-cv-00119-MJT (filed 3/16/18) (case terminated 02/19/2020). The case was assigned to Hon. Judge Truncale on May 30, 2019.
[12] Exhibit B.
[13] *See* Exhibit C, Application for Approval of LHWCA Settlement; Exhibit D, Compensation Order Approving Settlement.

3

this Honorable Court did not have subject matter jurisdiction over Plaintiffs' claims because they are governed by the LHWCA, which is Plaintiff's exclusive remedy.[14] This Court agreed and, on August 22, 2022, the Court issued an order of partial dismissal against Gulf Copper.[15]

### B. Plaintiff's second bite at the apple.

7. As noted above, Plaintiff filed the 2018 Lawsuit against Gulf Copper due to alleged injuries Plaintiff sustained to his hand and wrist in November 2017. It is irrefutable that Plaintiff sought and received LHWCA benefits from Gulf Copper and/or its insurance carrier after his alleged injuries.[16] Accordingly, the benefits Plaintiff received under the LWHCA served as Plaintiff's exclusive remedy.[17]

8. Plaintiff alleges that he was later reinjured on or about February 19, 2018 and "had to receive surgery on his hand."[18] In or about mid-February 2022, Plaintiff claims that he "told [Gulf Copper that] he reinjured his hand on the job and was having issues."[19] Plaintiff then alleges that he was terminated on May 4, 2022 "because he was hurt on the job and made a workers' compensation claim."[20] Despite having previously filed the 2018 Lawsuit against Gulf Copper, having had said claims dismissed, and having recovered as a longshore worker under the LHWCA, Plaintiff now seeks a second bite at the apple by filing a second lawsuit against Gulf Copper seeking damages for alleged wrongful termination of employment as a result of purportedly filing a "workers' compensation claim or other activity protected by Tex. Lab. Code § 451.001."[21] Dismissal is proper because Plaintiff's claims are preempted by the LHWCA and fall under the

---

[14] Exhibit F.
[15] Exhibit G.
[16] *See, e.g.*, Exhibit D.
[17] *See Brown v. Forest Oil Corp.*, 29 F.3d 966, 971 (5th Cir.1994)
[18] Exhibit A, Pltf. Org. Pet. p. 2.
[19] *Id*. at p. 2 – 3.
[20] *Id*. at 3.
[21] *Id*.

exclusive jurisdiction of the Department of Labor.

## VI. STANDARD OF REVIEW

9. When the district court lacks the statutory and constitutional power to adjudicate a case, Federal Rule of Civil Procedure 12(b)(1) provides that a party may move a court to dismiss the action for lack of jurisdiction over the subject matter.[22] A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).[23] A district court may dismiss a case for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[24] After the defendant challenges jurisdiction by filing a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of establishing the existence of subject matter jurisdiction.[25]

## VII. ARGUMENT AND AUTHORITIES

### A. *Plaintiff's wrongful termination claim pursuant to Tex. Lab. Code § 451.001 is preempted by the LHWCA.*

10. This case presents a straightforward instance of federal conflict preemption. Plaintiff's Original Petition asserts a cause of action for wrongful termination pursuant to Tex. Lab. Code § 451.001 based on claims that Plaintiff was wrongfully discharged for seeking workers' compensation benefits. Like Tex. Lab. Code § 451.001, the LHWCA contains its own retaliatory discharge cause of action. Specifically, section § 948a of the LHWCA provides:

> It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such

---

[22] *See Jackson v. Texas S. Univ.*, 997 F. Supp. 2d 613, 620 (S.D. Tex. 2014); *see also Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[23] *See id.*
[24] *See Jackson*, 997 F. Supp. 2d at 620 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).
[25] *Id; see also Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

employer, or because he has testified or is about to testify in a proceeding under this chapter. 33 U.S.C. § 948a.

11. The Supremacy Clause provides that "the Laws of the United States…shall be the supreme Law of the Land…."[26] A state law is therefore preempted by federal law when it conflicts with the "purposes and objectives" outlined in the federal statute.[27] It is a long settled principle that a state law that conflicts with federal law is "without effect."[28] As noted below, Section 948a provides a specific remedy for when an employee is allegedly discharged due to seeking LHWCA benefits. Plaintiff's own pleadings and the evidence attached to this Motion demonstrate that Plaintiff filed a claim for and received benefits under the LHWCA for his alleged injuries.[29] Therefore, the cause of action under which Plaintiff bases his wrongful termination claim, Tex. Lab. Code § 451.001, is in direct conflict with Section 948a of the LHWCA. Accordingly, Plaintiff's wrongful termination claim pursuant to Tex. Lab. Code § 451.001 is preempted and "without effect" by virtue of Section 948a of the LHWCA.

> **B.  This Honorable Court lacks subject matter jurisdiction because the LHWCA provides Plaintiff his exclusive remedy.**

12. Section § 948a provides for specific remedies in the event an employer is found liable for wrongful discharge due to a plaintiff filing for workers' compensation benefits. Under Section § 948a, a District Director from the U.S. Department of Labor's Office of Workers' Compensation Programs may assess an appropriate penalty against an employer who discriminates against an employee because the employee claimed or attempted to claim compensation under the

---

[26] U.S. Const., Art. VI, cl. 2.
[27] *United States v. Zadeh*, 820 F.3d 746, 751 (5th Cir. 2016) (*quoting Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)).
[28] Maryland v. Louisiana, 451 U.S. 725, 746 (1981) (citing McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 427 (1819))
[29] *See* Exhibit A, Plaintiff's Original Petition; Exhibit C, Application for Approval of LHWCA Settlement; Exhibit D, Department of Labor Compensation Order Approving Settlement.

LHWCA.[30] If an assessed penalty is not paid to the District Director, such penalties may then be recovered in a civil action brought in the appropriate United States District Court.[31] In other words, jurisdiction for Plaintiff's wrongful termination claim lies with the U.S. Department of Labor and, if an assessed penalty is not paid, with the federal courts.

13. After his November 2017 injury, Plaintiff affirmatively applied to the District Director for Approval of the LHWCA Settlement, and the Department of Labor's LHWCA District Director issued a Compensation Order Approving Settlement.[32] Likewise, Plaintiff's own pleadings admit that Plaintiff sought and received LHWCA benefits after his injury.[33] By Plaintiff's own admission, Plaintiff's alleged "reinjuries" occurring on or about February 2019 and February 2022, relate to his original November 2017 injury.[34] Under the Fifth Circuit's "Aggravation Rule" these subsequent "reinjuries" also falls within the scope of the LHWCA.[35] Therefore, Plaintiff's alleged subsequent reinjuries remain within the jurisdiction of the U.S. Department of Labor.

14. Having filed a claim for and received benefits under the LHWCA, Plaintiff invoked the jurisdiction of the U.S. Department of Labor. Therefore, the LHWCA – and not Tex. Lab. Code § 451.001 – applies and Plaintiff is preempted from bringing his wrongful termination claim in state court.[36] Plaintiff cannot seek relief from this Court for alleged wrongful termination as he has failed to exhaust the administrative remedies provided for in Section 948a of the LHWCA.

---

[30] 33 U.S.C. § 948a; 20 C.F.R. § 702.274.
[31] *Id.*
[32] Exhibit C and D.
[33] Exhibit A, Plaintiff's Orig. Pet., p. 2 – 3.
[34] *Id.*
[35] *See Bludworth Shipyard, Inc. v. Lira*, 700 F.2d 1046, 1051 (5th Cir.1983) (The Act's liberal concept of causation applies to subsequent injuries as well as to initial ones).
[36] *See, e.g.*, *LeSassier v. Chevron USA, Inc.*, 776 F.2d 506 (5th Cir.1985) (holding that when an employee was covered under the LHWCA, the LWHCA's retaliatory discharge provision preempted state law tort suit for retaliatory discharge).

Jurisdiction for these administrative remedies lies solely with the U.S. Department of Labor's Office of Workers' Compensation Programs.[37] Accordingly, Plaintiff's Original Petition, the evidence submitted by Gulf Copper, and controlling Fifth Circuit precedent demonstrate that the LHWCA, particularly 33 U.S.C. § 948a, preempts Plaintiff's wrongful termination cause of action made pursuant to Tex. Lab. Code § 451.001.  Therefore, this Court lacks subject matter jurisdiction over any and all claims asserted by Plaintiff in this lawsuit.

## VIII.   CONCLUSION AND PRAYER

Based on the foregoing, Gulf Copper respectfully requests this Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and dismiss Plaintiff's claims for lack of subject matter jurisdiction. Gulf Copper further requests and any additional relief, at law or equity, to which it is justly entitled.

**CLARK HILL PLC**

By: */s/ David James*
David James
State Bar No. 10953000
djames@clarkhill.com
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702-1986
T:  409.351.3800
F:  409.351.3883
**ATTORNEY-IN-CHARGE FOR GULF COPPER & MANUFACTURING CORPORATION**

---

[37] 33 U.S.C. § 948a; 20 C.F.R. § 702.274.

OF COUNSEL:

Ross H. Jones
State Bar No. 24032467
djames@clarkhill.com
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702-1986
T:  409.351.3800
F:  409.351.3883

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 4th day of April 2023, served a copy of the foregoing on all counsel of record via CM/ECF.

>                     */s/ David James*
>                     David James